UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dennis M. Gallipeau,   #16472-171,<br><br>                              Plaintiff,<br><br>vs.<br><br>County of Richland;<br>John/Jane Doe, Treasurer of the County of Richland;<br>John Cloyd, Tax Assessor of the County of Richland;<br>John/Jane Does, Employees of the Tax Assessor of the<br>County of Richland, South Carolina,<br><br>                              Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No. 3:11-1318-JFA-JRM<br><br><br>**REPORT AND RECOMMENDATION** |

Dennis M. Gallipeau ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Federal Correctional Complex at Yazoo City, Mississippi, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint should be dismissed for lack of subject matter jurisdiction.

<u>Review pursuant to the Prison Litigation Reform Act (PLRA)</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915,

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts

which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff alleges that Defendants, all without notice to Plaintiff, revoked a Homestead Exemption related to Plaintiff's local property tax, imposed a property tax on his condominium, and, at a tax sale, sold his condominium and personal property contents to a third party to satisfy Plaintiff's tax debt. Based on Plaintiff's property being sold while he has been incarcerated in federal prison, Plaintiff filed this § 1983 action alleging a violation of his due process and equal protection rights under the United States Constitution, and he alleges that this Court has federal question subject matter jurisdiction over this action. The specific factual allegations are as follows. Plaintiff alleges that in 2005 he purchased a condominium in the City of Columbia, Richland County, South Carolina. Plaintiff alleges that he was, and is, disabled, and he applied for a Homestead Exemption in 2006, which Defendants granted.[2] Plaintiff alleges that in 2008, he was taken into federal custody, and he wrote to Defendant Cloyd to give Plaintiff's new mailing address. Plaintiff alleges that in 2009 he again notified Defendant Cloyd of his current mailing address, requested the status of his Homestead Exemption, and requested a homestead application in case he needed to re-apply for the exemption. Plaintiff alleges that Defendants "never responded to

---

[2] This Court takes judicial notice that in South Carolina, real and personal property are subject to tax, and "property tax is administered and collected by local governments with assistance from the South Carolina Department of Revenue." *See* South Carolina Department of Revenue Homepage, http://www.sctax.org (enter "property home") (last visited June 16, 2011). The Homestead Exemption is "a complete exemption of taxes of the first $50,000 in Fair Market Value of your Legal Residence for homeowners over age 65, totally and permanently disabled, or legally blind." *Id.* (enter "Homestead Exemption"). *See Williams v. Long*, 585 F.Supp.2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

Plaintiff's inquiries or provided Plaintiff with a Homestead exemption form." Plaintiff alleges that "[l]ater in 2009 and again in 2010, Plaintiff wrote to Defendant Cloyd making the same inquiries and request ... only these times Plaintiff's letters were mailed to Defendant Cloyd through Plaintiff's court-appointed attorney." Plaintiff alleges, "[i]n 2009 and 2010, Plaintiff's court-appointed attorney mailed a Homestead application to Plaintiff, which Plaintiff completed and returned to the attorney along with a cover letter addressed to Defendant Cloyd, and the attorney then forwarded said Homestead application and cover letter to Defendant Cloyd, on Plaintiff's behalf." Plaintiff alleges, "[i]n 2011, Plaintiff again wrote to Defendant Cloyd, updating his mailing address and making the same inquiries and requests as he had before." Plaintiff alleges that, without notice to Plaintiff or his attorney and on some unknown date, Defendants terminated "Plaintiff's Homestead rights," "levied taxes against Plaintiff's Homestead property," and, "Defendants sold Plaintiff's Homestead property at a tax sale to some unknown person(s)."

Plaintiff alleges that the Defendants' "tax levy," "tax sale," and "tax deed" are void and unlawful. Plaintiff alleges that Defendants' actions violated the United States and South Carolina Constitutions, and state laws. Plaintiff alleges that his Homestead Exemption from property tax was a property right that could not be taken without due process, but that he did not have an opportunity to challenge the proceedings. Plaintiff seeks compensatory damages for his losses and suffering. Plaintiff further requests that this Court enter injunctive relief to prohibit the transfer of ownership of the condominium to the purported purchaser and to require Defendants to reinstate Plaintiff's Homestead Exemption for his condominium.

Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re*

*Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the Complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399. Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

In this case, Plaintiff alleges federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 by claiming that Defendants violated his United States constitutional due process and equal protection rights. A plaintiff may state a claim under 42 U.S.C. § 1983 if he alleges two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff attempts to allege a cognizable claim under § 1983. However, the Tax Injunction Act, 28 U.S.C. § 1341, and principles of comity preclude this Court from exercising jurisdiction over Plaintiff's § 1983 claims. The Tax Injunction Act provides, "[t]he

district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Congress passed the Tax Injunction Act to keep federal courts from unduly interfering with state revenue collection. *See Lawyer v. Hilton Head Pub. Serv. Dist. No. 1*, 220 F.3d 298, 301 (4th Cir. 2000). In *Lawyer*, the Fourth Circuit Court of Appeals explained that the United States Supreme Court has decided that an action for damages under § 1983 challenging the validity of a state tax is barred in the federal courts due to principles of comity and the Tax Injunction Act. *Id.* at 302. Here, it appears that Plaintiff is attempting to void a local property tax imposed by Richland County and South Carolina on his condominium, void a tax sale of the property, and recover damages related to the tax sale. Such a civil action cannot be brought in this Court because of 28 U.S.C. § 1341. Plaintiff may proceed with a civil action in the state courts. *See Id.* at 304-05 (finding that a South Carolina tax may be challenged in state court).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**Plaintiff's attention is directed to the important notice on the next page.**

July 5, 2011  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).